UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>LYNEL MOULTRIE. )<br>) | No. 2:25-cr-00017-JAW |

**ORDER ON GOVERNMENT'S MOTION IN LIMINE AS TO DEFENDANT'S PRIOR CONVICTION**

Finding that a criminal defendant's prior conviction for trafficking in prison contraband is relevant to the present drug distribution charges but potentially unduly prejudicial, the Court dismisses without prejudice the government's motion in limine, which requests a pretrial determination allowing use at trial of the defendant's prior conviction and the underlying facts. The court requires government counsel to approach the bench and obtain a definitive ruling before mentioning either the prior conviction or the underlying conduct to the jury or seeking to introduce these facts into evidence.

**I.   PROCEDURAL BACKGROUND**

On February 5, 2025, a federal grand jury issued a three-count indictment of Lynel Moultrie, charging him with three instances of distribution of a controlled substance, namely cocaine, in violation of 21 U.S.C. § 841(b)(1)(C). *Indictment* (ECF No. 40). The Defendant was arrested and charged after he allegedly sold drugs to an undercover agent on three different occasions. This case is scheduled for trial to commence on Thursday, March 12, 2026 through Friday, March 13, 2026. *Notice of Hr'g* (ECF No. 97). A jury was selected on March 2, 2026. *Min. Entry* (ECF No. 126).

On February 9, 2026, the Government filed a motion in limine seeking to introduce evidence at trial of the Defendant's 2023 state conviction. *Gov't's Mot. in Lim. as to Def.'s Prior Conviction* (ECF No. 101) (*Gov't's Mot.*). On February 24, 2026, the Defendant filed his opposition. *Def.'s Opp'n to Gov't's Mot.* in Lim. *as to Def.'s Prior Conviction* (ECF No. 109) (*Def.'s Opp'n*).

## II.    STATEMENT OF FACTS

With a jury selected and trial looming in this criminal case, the Government moves in limine for a pretrial ruling authorizing the admission of what it contends is evidence of the Defendant's prior bad acts pursuant to Federal Rule of Evidence 404(b). *Gov't's Mot.* at 1-9. The Government says that Mr. Moultrie was convicted of trafficking in prison contraband, when he was found to possess cocaine, the same controlled substance he is now charged with, in his rectum during a jail strip search.

The parties refer to the date of this event differently. The Government refers to the conviction as a 2023 conviction. *Gov't's Mot.* at 1 ("The United States of America moves *in limine* to admit evidence of Defendant Lynel Moultrie's prior state 2023 conviction for trafficking in prison contraband, as well as evidence underlying that conviction"). The Defendant refers to the conviction as a 2020 conviction. *Def.'s Opp'n* at 2 ("From this 2024 offense, the Government seeks to admit evidence of a 2020 conviction involving possession of cocaine at the Cumberland County Jail on the theory that it proves intent and knowledge, and common plan or scheme").

Neither party submitted evidence of the criminal judgment confirming the date of the conviction. The Government says that on May 7, 2020, a Portland Police Officer stopped a vehicle on Congress Street in Portland. *Gov't's Mot.* at 1-2. Mr. Moultrie

2

was sitting in the front passenger seat and when he stepped out of the vehicle, the officer noticed a plastic bag with a white substance inside on the seat where Mr. Moultrie had been sitting. *Id.* at 2. The officer believed that the bag contained cocaine base. *Id.* Mr. Moultrie reached for the plastic bag and attempted to run away from the officer, and the officer tackled him to the ground. *Id.* Ultimately law enforcement arrested Mr. Moultrie and transported him to the Cumberland County Jail. *Id.* At the jail, Mr. Moultrie was strip searched and a plastic bag with cocaine was found in his rectum. *Id.* This bag was filled with smaller bags that had been tied off in a style known as Dominican ties. *Id.*

On December 11, 2020, a state grand jury indicted Mr. Moultrie for trafficking in prison contraband. *Id.* at 1. Mr. Moultrie received a deferred disposition for this charge on July 18, 2022. *Id.* Mr. Moultrie, however, was unable to successfully complete the deferred disposition, and it was terminated on December 12, 2023. *Id.* At that time a sentence of eighteen months was imposed, all but forty-eight hours suspended, and a two-year term of probation was imposed. *Id.* Mr. Moultrie filed a post-conviction review of the conviction, which was denied on January 12, 2026. *Id.*

### III. THE PARTIES' POSITIONS

#### A. Government's Motion

The Government moves in limine to admit evidence of the Defendant's prior 2023 conviction for trafficking in prison contraband as well as evidence underlying the conviction to prove knowledge, the existence of a common plan or scheme, and to rebut any defense of innocent involvement by the Defendant. *Gov't's Mot.* at 1.

### B.  Defendant's Opposition

The Defendant disagrees and argues evidence of the 2020 conviction and the underlying facts should be excluded. *Def.'s Opp'n* at 1. The Defendant considers evidence of the 2020 conviction and the underlying facts too remote in time, too dissimilar to the present allegations, unfairly prejudicial, and thus inadmissible. *Id.* at 2.

## IV.  LEGAL STANDARD[1]

### A.  Relevance

"[E]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. Courts should generally admit relevant evidence unless directed otherwise by the United States Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. FED. R. EVID. 402. However, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

### B.  Rule 404(b) Evidence: Prior Bad Acts

Federal Rule of Evidence 404(b) generally makes inadmissible evidence regarding a defendant's prior crime, wrong, or act when used to prove the defendant's

---

[1]  The Government has not argued that Mr. Moultrie's conviction for trafficking in prison is admissible under Federal Rule of Evidence 609, and the Court has not discussed Rule 609's applicability, if any.

character such that on a particular occasion the defendant acted in conformity with that character. *See* FED. R. EVID. 404(b)(1); *United States v. Carbone*, 110 F.4th 361, 388 (1st Cir. 2024) ("Rule 404(b) prohibits the prosecution from introducing 'evidence that is extrinsic to the crime charged' solely 'for the purpose of showing villainous propensity.'" (quoting *United States v. Roszkowski*, 700 F.3d 50, 56 (1st Cir. 2012)). However, Rule 404(b) allows the admission of character evidence for other permitted purposes, such as proving motive or opportunity. FED. R. EVID. 404(b)(2). In criminal cases, the government must provide reasonable notice in writing before trial to the defendant that it intends to offer evidence subject to Rule 404(b) "so that the defendant has a fair opportunity to meet it," including by articulating the use that the government believes is permitted by the Rule and reasoning that supports its position. FED. R. EVID. 404(b)(3).

Upon adequate notice, the government's proposal "to introduce evidence of a defendant's prior criminal conduct is subject to a two-part test." *United States v. Henry*, 848 F.3d 1, 8 (1st Cir. 2017). "First, the evidence must have 'special relevance' to an issue in the case" and "must not include 'bad character or propensity as a necessary link in the inferential chain.'" *United States v. Varoudakis*, 233 F.3d 113, 118 (1st Cir. 2000) (quoting *United States v. Frankhauser*, 80 F.3d 641, 648 (1st Cir. 1996)). Specially relevant evidence is permitted when it is admitted "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b)(2). "If the prior-bad-acts evidence is relevant only for the forbidden propensity inference, then

the evidence is inadmissible under Rule 404(b)(1) and the inquiry ends." *United States v. García-Sierra*, 994 F.3d 17, 29 (1st Cir. 2021). Otherwise, the court moves to step two, the application of Rule 403, which requires the probative value of the evidence to substantially outweigh the danger of unfair prejudice. *Id.*; *see also United States v. Sebaggala*, 256 F.3d 59, 67 (1st Cir. 2001) (noting that Rule 404(b) "incorporates sub silentio the prophylaxis of Federal Rule of Evidence 403"). The First Circuit has repeatedly "cautioned that when prior-bad-acts evidence is offered to prove something relevant to the crime charged such as a defendant's motive for the crime, 'courts must be on guard to prevent the motive label from being used to smuggle forbidden evidence of propensity to the jury.'" *Carbone*, 110 F.4th at 388 (quoting *Varoudakis*, 233 F.3d at 120).

## V.   DISCUSSION

### A.   The Date of Conviction

Based on facts proffered by the Government, the Court concludes that Mr. Moultrie's conviction took place on July 18, 2022, based on conduct that occurred on May 7, 2020. The Government says that Mr. Moultrie was indicted on December 11, 2020 for trafficking in prison contraband; trafficking in prison contraband is Class C crime under Maine law. *See* 17-A M.R.S. § 757(3). Maine law allows persons who plead guilty to a Class C, D, or E crime to consent to a deferred disposition. 17-A M.R.S. § 1348. To be eligible for a deferred disposition, however, a person must plead guilty to the crime. 17-A M.R.S. § 1348-A. Consistent with Maine law, under the United States Sentencing Guidelines, a diversionary disposition counts as a sentence, so long as the diversionary disposition results from an admission of guilt. U.S.S.G.

6

§ 4A1.2(f). The bottom line is that once Mr. Moultrie pleaded guilty on July 18, 2022 and consented to the diversionary disposition, he would be deemed under both state and federal law to have been convicted of the crime of trafficking in prison contraband. Thus, the Court uses July 18, 2022 as the date of conviction and May 7, 2020 as the date Mr. Moultrie committed the conduct that led to the conviction.

### B. Step One

The Defendant was charged with three instances of distribution of a controlled substance to an undercover agent. *Indictment.* The Defendant allegedly distributed drugs to a confidential informant or undercover MDEA special agent on four occasions in February and March of 2024 and allegedly possessed, with the intent to distribute, cocaine that was recovered inside his residence pursuant to an executed search warrant in March of 2024. *Gov't Mot.* at 3. The Government anticipates presenting evidence that on four of these five occasions, "the drugs were packed in several smaller 'Dominican ties,' which were in turn packaged within a single clear plastic bag." *Id.* at 3.

Previously, the Defendant was convicted for trafficking in prison contraband following a 2020 incident in which drugs were recovered from the Defendant's rectum following a strip search at the Cumberland County Jail, where the Defendant was being processed after fleeing from a traffic stop on suspicion of drug possession. *Id.* at 1-2. The recovered drugs were contained in a "plastic bag [which] was filled with smaller plastic bags, which in turn were described as 'Dominican ties'—the twisted, torn-off corners of plastic bags used by drug traffickers to package drugs." *Id.* at 2.

The Government seeks to use "[t]he [2022] conviction and underlying facts" because they "are highly relevant to establish that Defendant had the requisite intent and knowledge for the charged crimes as well as rebutting any argument or claim that Defendant was innocently present during the charged distributions and possessions." *Gov't's Mot.* at 6. The Government believes the 2022 conviction and underlying facts "are also relevant to establish a common plan or scheme by Defendant" as "[t]here exists a striking similarity between the packaging of the cocaine in his 202[2] conviction and the packing in the present case." *Id.*

The Defendant, however, argues that the 2022 conviction "is not only remote in time—almost 4 years—but is also very different than the present charged offenses" given that the Defendant was convicted of possession—not distribution—of contraband in custody. *Def.'s Opp'n* at 2. The Defendant believes "introduction of this evidence would be unfairly prejudicial and would lead to a 'mini-trial' over whether the Defendant merely possessed cocaine in May 2020, to which he pleaded guilty, or was engaged in uncharged trafficking or distribution of cocaine in May 2020." *Id.* As for the packaging, the Defendant argues the similarities are of "negligible, probative value" because "[v]irtually all of the controlled substances that reach users are packaged in a similar manner." *Id.* at 3.

The First Circuit has emphasized that the admission of prior bad acts evidence must have "'special' relevance—that is, evidence relevant for a non-propensity-based purpose, 'such as providing motive, opportunity, intent, preparation, plan,

8

knowledge, identity, absence of mistake, or lack of accident." *United States v. De La Cruz-Feliciano*, 786 F.3d 78, 89 (1st Cir. 2015) (quoting FED. R. EVID. 404(b)(2)).

The Court concludes that the Government has the stronger position. As they put it, the "Defendant's [2022] conviction for trafficking in prison contraband has special relevance" because "[t]he First Circuit recognizes 'Rule 404(b)(2) specifically permits the admission of a prior conviction to prove intent, and [has] upheld the admission of prior drug dealing by a defendant to prove a present intent to distribute.'" *Gov't's Mot.* at 5 (citing *United States v. Henry*, 848 F.3d 1, 8 (1st Cir. 2017) (collecting cases)). Although, as the Defendant points out, the prior conviction does not require trafficking, only possession of contraband while in official custody, courts have allowed evidence of prior possession to prove intent or knowledge of distribution. *United States v. Awer*, 502 F. Supp. 2d 273, 276 (D.R.I. 2007). Further, "[t]he other bad act need not be identical to the crime charged so long as it is sufficiently similar to allow a juror to draw a reasonable inference of probative knowledge or intent." *United States v. Landrau-Lopez*, 444 F.3d 19, 24 (1st Cir. 2006).

That the 2022 conviction involved underlying conduct from 2020 is also not disqualifying because that time frame is not too remote to inform the Defendant's intent and knowledge in the present charges. *Id.* (finding convictions between eight and thirteen years old admissible because they were probative of the defendant's intent and knowledge). Likewise, Court also agrees with the Government that the prior conviction can rebut a defense of innocent involvement, if raised by the Defendant. *Gov't's Mot.* at 5; *United States v. Landry*, 631 F.3d 597, 602 (1st Cir.

9

2011) (noting that the First Circuit and others, "have admitted evidence under Rule 404(b) to rebut a defense of innocent involvement").

As to the drug packaging, "Dominican ties" could be probative of drug distribution. Even if "[v]irtually all of the controlled substances that reach users are packaged in a similar manner," *Def.'s Opp'n* at 3, evidence that the Defendant had multiple packets of narcotics in the form of "Dominican ties" could be probative of distribution. *See United States v. Vasquez-Landaver*, 128 F.4th 358, 360 (1st Cir.), *cert. denied*, 145 S. Ct. 2767, 222 L. Ed. 2d 1052 (2025) (discussing a detective's testimony that "Dominican ties are 'fairly typical of drug packaging' and consistent with distribution"); *United States v. Marenghi*, 896 F. Supp. 207, 210 (D. Me. 1995), *aff'd*, 109 F.3d 28 (1st Cir. 1997) (discussing a detective's observation of "Dominican ties" as "bags [the detective] knew to be often knotted in a particular manner to hold drugs").

Here, the Court concludes that evidence of the prior conviction and circumstances underlying the prior conviction have special relevance to all the permitted uses under Rule 404(b). Evidence of the conviction and underlying facts have special relevance regarding Mr. Moultrie's "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *De La Cruz-Feliciano*, 786 F.3d at 89 (quoting FED. R. EVID. 404(b)(2)). This evidence would be especially strong on issues of knowledge, identity, absence of mistake, and lack of accident, but the evidence would have special relevance to Mr. Moultrie's motive, opportunity, intent, preparation, and plan.

### C. Step Two

Concluding that the Government has satisfied Step One in demonstrating the proposed evidence is relevant under 404(b), the Court is obligated to consider whether this evidence would unfairly prejudice the Defendant and to exclude the evidence if its probative value was substantially outweighed by its prejudicial effect. FED. R. EVID. 403. "Unfair prejudice 'speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged.'" *United States v. DiRosa*, 761 F.3d 144, 153 (1st Cir. 2014) (quoting *Old Chief v. United States*, 519 U.S. 172, 180 (1997)).

On this record, the Court does not have enough information to rule pretrial whether evidence of the 2022 conviction and underlying facts would be properly admissible. First, the Court does not know whether Mr. Moultrie is going to assert an "innocent involvement" defense. *See Landry*, 631 F.3d at 603. If the defense contends in argument, cross-examination, or its own witnesses that the Government has not proven that he was "innocently caught up" in the charged events, evidence of his prior involvement with drugs could well become much more probative than prejudicial. *United States v. Agramonte-Quezada*, 30 F.4th 1, 16 (1st Cir. 2022) (affirming the admission of prior acts when the defendant asserted the "blind mule" theory of defense); *United States v. Colon Ledee*, 772 F.3d 21, 36 (1st Cir. 2014).

Second, the Court does not know if Mr. Moultrie is going to take the stand and deny his involvement. If so, depending on his testimony, the Court may allow cross-examination of Mr. Moultrie's prior bad act. For example, in *United States v. Moon*, 802 F.3d 135 (1st Cir. 2015), the First Circuit upheld the district court's

11

determination that the defendant had "opened the door to the government's cross-examination about the events leading to the conviction" because the defendant's account had the potential to create a false impression of the underlying circumstances. *Id.* at 146.

Third, the Court is concerned about how the Government intends to introduce this evidence. As Mr. Moultrie points out, although labeled, Trafficking in Prison Contraband, 17-A M.R.S. § 757, Maine law does not require that the incarcerated person actually traffic contraband to be convicted. *See State v. Bonney*, 427 A.2d 467, 469 (Me. 1981) ("The offense of which the defendant was convicted, although entitled 'trafficking in prison contraband' does not include as a necessary element of the State's proof 'trafficking' as defined in 17-A M.R.S. § 1101(17). The offense is proven when it is established beyond a reasonable doubt that 1) the defendant, 2) a person in official custody, 3) intentionally, 4) possessed contraband"). Thus, if the jury is presented with evidence that Mr. Moultrie was convicted of trafficking in prison contraband, the jury might well be misled into concluding that Mr. Moultrie had previously been convicted of a trafficking offense in the same drug he is currently on trial for possessing with the intent to distribute, when in fact he was convicted of possession of cocaine while in jail.

Fourth, although there may well be evidence that the so-called Dominican ties demonstrate drug trafficking, there may be countervailing evidence that Dominican ties are an exceedingly common way to package cocaine, thus the fact there were Dominican ties could be as consistent with personal use as with dealing.

12

Fifth, the Government says that Mr. Moultrie possessed 7.2 grams of crack cocaine at the Cumberland County Jail in 2020, but a jury would not know the significance of that drug quantity. In other words, evidence would have to be presented (and perhaps challenged) as to whether 7.2 grams of crack cocaine is an amount consistent with personal use or drug dealing.

Sixth, returning to the title of the 2022 conviction, if admitted, the jury would learn that Mr. Moultrie was not merely convicted of a prior offense involving cocaine as prison contraband, but they would also learn that Mr. Moultrie's conviction took place while he was in jail, and raises the possibility that the jury will use this evidence as character evidence against him. Even though a limiting instruction might cure the prejudice that would otherwise render inappropriate the introduction of prior-bad-acts evidence, *see, e.g.*, *United States v. Manning*, 79 F.3d 212, 217 (1st Cir. 1996) (stating that "[t]he district court minimized any prejudicial impact of the prior drug dealing evidence by instructing the jury, contemporaneously and again in its final instructions, about the proper use of prior bad act evidence"), the evidence would beg for a complicated explanation as to why he was in jail, whether he was prosecuted and convicted of the crime for which he was arrested, and the relationship between his arrest and his conviction.

Seventh, given these issues, the Court is concerned about the prospect of a trial within a trial to properly describe the significance of Mr. Moultrie's prior bad act leading to a conviction. Again, if Mr. Moultrie takes the stand, the calculus would change, depending on what he says. But at this point, the Court cannot rule

13

definitively on the admissibility of the proffered prior bad acts evidence. Thus, the Court rules that the Government must not mention this evidence in its statements to the jury or seek to introduce the evidence without first approaching the Court at sidebar and obtaining a final ruling.

Finally, in a separate filing, the Government has filed a motion to exclude Mr. Moultrie's attempt to assert an entrapment defense during trial. Under First Circuit law, "[f]or a defendant 'to be entitled to an instruction on entrapment, the record must show some hard evidence of both government inducement' of the criminal conduct 'and the defendant's lack of predisposition to engage in the criminal conduct.'" *United States v. Sandoval*, 6 F.4th 63, 100 (1st Cir. 2021) (quoting *United States v. González-Pérez*, 778 F.3d 3, 11 (1st Cir. 2015)). If Mr. Moultrie is allowed to present evidence on an entrapment defense, his prior conduct could become relevant to demonstrate his predisposition, and the Rule 403 analysis would have to be recalculated. *See United States v. Pérez-Rodriguez*, 13 F.4th 1, 21 (1st Cir. 2021) ("As for the first factor, the character or reputation of the defendant, the evidence might include prior criminal convictions for similar offenses").

## VI.  CONCLUSION

The Court DISMISSES without prejudice Government's Motion in Limine as to Defendant's Prior Conviction (ECF No. 101).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 9th day of March, 2026